UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL QUINTANILLA,

                    Plaintiff,        **MEMORANDUM**

    - v -

                                      CV-99-8638 (ARR)(VVP)

THE CITY OF NEW YORK, et al.,

                    Defendants.
------------------------------------------------------------x

       The defendants have submitted a letter dated September 14, 2005 seeking the dismissal of the plaintiff's sole remaining false arrest claim on the grounds that it is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The plaintiff has submitted a letter in opposition dated September 16, 2005.

       Although the defendants' application raises new issues not addressed by Judge Ross previously, and is therefore not barred by any ruling that constitutes law of the case, the time for making dispositive motions before trial has expired. Moreover, although *Heck* does appear to pose a substantial hurdle to recovery for the plaintiff at trial, the court is not satisfied on the present record that it bars recovery. As the Court in *Heck* recognized, a conviction does not bar all § 1983 actions, only those that *necessarily imply* the invalidity of the conviction. *Id.* at 487. "But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id*. The Second Circuit has specifically recognized that "[s]uch a case might arise if there were independent evidence upon which a conviction could be obtained that was not in any way tainted by the unlawful arrest." *Covington v. City of New York*, 171 F.3d 117, 123 (2nd Cir. 1999). That, of course, is a factual inquiry, and this court does not have any factual information at this point concerning the evidence that led to the plaintiff's conviction.[1] The court therefore is not in a

---

[1] The plaintiff disputes that a conviction occurred, but the transcript and other records submitted by the defendants appear to substantiate that the plaintiff was convicted on one charge and given an adjournment in contemplation of dismissal on another charge.

position to determine whether success on the false arrest claim in this action necessarily implies the invalidity of the conviction.

Accordingly, the parties should assume for purposes of the forthcoming conference that the false arrest claim remains viable for purposes of trial, and should therefore be prepared to discuss the scope of evidence that should be admitted on that and the other claims now set for trial.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:  Brooklyn, New York
        September 21, 2005